IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAULA HINKLE, ) | |
| AIS #209826, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-410-WHA |
| ) | [WO] |
| CYNTHIA WHEELER-WHITE, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Paula Hinkle ["Hinkle"], a state inmate, on May 5, 2009.[1] In this petition, Hinkle seeks amendment/reconsideration of the sentences imposed upon her in 2007 by the Circuit Court of DeKalb County, Alabama for second degree criminal possession of a forged instrument and second degree theft of property based on her completion of various prison programs. Hinkle also challenges the amount of time served credit awarded to her by the Circuit Court of DeKalb County, Alabama on these sentences. Finally, Hinkle seeks correction of information contained in the pre-sentence investigation

---

[1] Although the Clerk of this court stamped the present petition "received" on May 6, 2009, Hinkle certified she placed the petition in the prison mail system on May 5, 2009. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day" Hinkle certified she undertook such action. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers May 5, 2009 as the date of filing.

report and an order from the trial court requiring her admission in a drug treatment program.

## DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Hinkle asserts that due to her completion of various prison programs she is entitled to amendment of the sentences imposed for the DeKalb County convictions. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5. Hinkle likewise contends the amount of credit granted to her by the Circuit Court of DeKalb County, Alabama on the sentences imposed in 2007 is incorrect. Specifically, Hinkle requests that such state court be required to award her additional credit towards her sentences for the 313 days she served "out on bond" while awaiting transfer to prison. *Id.* at 7. Moreover, Hinkle seeks correction of information in her pre-sentence investigation report on which the trial court relied in determining her sentences and issuance of an order by the trial court directing her placement in a drug treatment program. *Id.* at 8, 10. DeKalb County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that transfer of this case to such other court for

review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).[3]

It is further

ORDERED that **on or before June 4, 2009** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

---

[2] In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claims for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

[3] The petitioner filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*.  However, under the circumstances of this case, matters related to the petitioner's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.  Thus, this court will not address the petitioner's failure to submit documents necessary to a determination of her *in forma pauperis* status.

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 22nd day of May, 2009.

          /s/Charles S. Coody
         CHARLES S. COODY
         UNITED STATES MAGISTRATE JUDGE